IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMAN GALSTYAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-1091-N (BT) |
| | § | |
| KEVIN MCALEENAN, et al., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a national and citizen of Armenia, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), challenging his continued detention in immigration custody pending removal proceedings. Petitioner argues that he should be released from ICE custody because his continued detention violates his constitutional rights, the Immigration and Nationality Act, and the Administrative Procedures Act. On June 19, 2019, Respondent filed a response stating Petitioner was removed from the United States on June 12, 2019. Resp. (ECF No. 5).

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, Petitioner's removal from the United States has provided him the relief he seeks in this petition. Therefore, the Court should

1

dismiss as moot the § 2241 petition for a writ of habeas corpus. *See Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) (stating any challenge to petitioner's post-removal-order detention is moot once the petitioner is removed from the United States) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003) (per curiam); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986)).

Signed September 23, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).